# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0933

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate Docket No. |
| Plaintiff, | ) Case No. _____ |
| v. | ) COMPLAINT FOR VIOLATION OF: |
| | ) **Title 8, U.S.C., Section 1326** |
| RAMOS-Santiago, Miguel Angel | ) Deported Alien Found in the United States |
| | ) (Felony) |
| Defendant, | ) |

The undersigned complainant, being duly sworn, states:

On or about March 26, 2008, within the Southern District of California, Defendant Miguel Angel RAMOS-Santiago, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

*Signature*
**Special Agent Michael Haynes**
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27th DAY OF MARCH 2008.

*Signature*
Hon. William McCurine, Jr.
U.S. Magistrate Judge

## STATEMENT OF FACTS

Miguel Angel RAMOS-Santiago came to the author's attention on or about March 19, 2008, via a law enforcement source. The author was informed that RAMOS had been deported from the United States previously and that he was residing within the city of San Diego, California. Upon receiving this information, the author conducted a review of records to confirm RAMOS' immigration status within the United States.

A review of records from RAMOS' alien file revealed an immigration judge's order of removal dated April 12, 2004. Additionally, a form I-205 (Warrant of Deportation/Removal) was reviewed which certifies RAMOS' physical removal from the United States pursuant to the aforementioned immigration judge's order. A form I-213 (Record of Deportable/Inadmissible Alien) that identifies RAMOS as a native and citizen of Mexico was additionally reviewed, as were fingerprints and photographs of RAMOS taken in preparation for removal from the United States. Automated records maintained by the U.S. Department of Homeland Security were consistent with these documents.

On the afternoon of March 26, 2008, at approximately 12:30 p.m., the author arrested RAMOS on the street outside of his residence in San Diego, California. After transporting him to the San Diego federal building, the author queried RAMOS's fingerprints through the IAFIS system, which yielded a match to his alien file and immigration history.

At approximately 2:15 p.m. on the afternoon of March 26, 2008, the author read to RAMOS his constitutional rights per "Miranda" in the Spanish language. When asked if he understood his rights, RAMOS responded in the affirmative. He again responded in the affirmative when asked if he was willing to answer questions at that time. During the interview that followed, RAMOS claimed to be a citizen of Mexico born January 22, 1979, in Orizaba, Veracruz, Mexico. He further admitted to having been deported from the United States previously and to have most recently achieved reentry to the United States in May of 2004, through the San Ysidro Port of Entry, while concealed in an automobile trunk. He denied having applied for or having received permission to lawfully return to the United States after being deported.

A review of records maintained by the U.S. Department of Homeland Security yields no indication that RAMOS has applied for or received permission to reapply for admission to the United States after deportation.

_Michael Haynes_
Michael HAYNES